SUSANA ALCALA WOOD, City Attorney (156366)
ARDELL JOHNSON, Assistant City Attorney (95340)
BRIAN EGGLESTON, Sr. Deputy City Attorney (289309)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number: (408) 998-3131
E-Mail Address: cao.main@sanjoseca.gov

Attorneys for Defendants CITY OF SAN JOSE
RYAN REYNOLDS; WALID HOQOQ
AND KEVIN MCCLURE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANGELIQUE LOPEZ, et al.,<br>Plaintiffs,<br>v.<br>CITY OF SAN JOSE, et al.,<br>Defendants. | **Case No. 5:24-cv-07926-NC**<br>**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE COMMENT ON OFFICER GRANT'S GESTURES IN BODY-WORN CAMERA VIDEO SJ1231**<br><br>Hearing: September 30, 2026<br>Time: 11:30 a.m.<br>Courtroom: 5, 4th Floor<br>Judge: Hon. Nathanael M. Cousins |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on September 30, 2026, at 11:30 a.m., in Courtroom 5 of the above-captioned Court, Defendants City of San José, Ryan Reynolds, Walid Hoqoq, and Kevin McClure will move in limine for an order precluding Plaintiffs, their counsel, and their witnesses from commenting on or calling attention to Officer Grant's facial expression, head movement, or hand gesture depicted in body-worn camera video SJ1231 at 43:52–44:00.

Defendants do not ask the Court to redact or interrupt the recording, as they recognize this section of video contains other elements that are relevant. They ask only that Plaintiffs be barred

from commenting on or characterizing the depicted conduct, asking a witness to attribute meaning to it or connect it to Officer Hoqoq's account of force against Alberto Ramirez, arguing an inference from it, or highlighting it through a freeze-frame, enlargement, slow motion, or targeted replay. The motion is based on Federal Rules of Evidence 401, 402, and 403, the accompanying memorandum, the record in this action, and any argument the Court permits.

**STATEMENT OF ISSUE TO BE DECIDED**

Whether Plaintiffs should be precluded from commenting on, eliciting speculation about, or otherwise highlighting Officer Grant's ambiguous gestures at 43:52–44:00 of SJ1231 when the gestures occurred after the challenged force, do not inform the reasonableness of Officer Hoqoq's force, and invite an inflammatory guilt-by-association inference.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiffs should not be permitted to turn a fleeting, unexplained gesture by a nonparty officer into a referendum on whether police officers took the incident seriously. The recording shows Officer Grant smile, nod, and make a hand gesture during a later conversation. It does not establish what Grant heard, what prompted the gesture, or what he meant. At deposition, Plaintiffs' counsel supplied the proposed interpretation—suggesting that Grant responded approvingly when Officer Hoqoq described force against Ramirez—but Hoqoq repeatedly testified that he did not know why Grant acted as he did.

Plaintiffs' proposed interpretation does not help decide the claims against Hoqoq. The reasonableness of force turns on the circumstances confronting Hoqoq when he acted, not another officer's ambiguous conduct afterward. And the obvious use of the gesture is prejudicial: to suggest that officers celebrated or trivialized force and thereby invite the jury to decide the case from indignation about police culture. Because the relevant conversation surrounds the brief segment, excision would be impractical. The tailored remedy is to permit continuous playback while barring commentary, speculation, and techniques designed to spotlight the gesture.

## II. RELEVANT FACTS

Body-worn camera video SJ1231 depicts a post-incident conversation involving Officer Hoqoq. Between 43:52 and 44:00, Officer Grant appears to smile, nod, and make a hand gesture. The recording supplies no reliable basis to determine what Grant heard, what stimulus he was responding to, or what the gesture meant. (BWC SJ1231 at 43:52–44:00.)

At Hoqoq's deposition, Plaintiffs' counsel previewed the inference Plaintiffs may seek at trial. Counsel stated that Grant "nodded and smiled" after Hoqoq discussed force and "gave [him] a thumbs up," then asked Hoqoq to agree. Hoqoq answered, "I don't know." When counsel continued asking about Grant's "reaction," Hoqoq explained that he had not noticed it that night, did not know why Grant did it, and that counsel would need to ask Grant. (Hoqoq Depo. at 40:22–42:19.)

## III. LEGAL STANDARD

Evidence is relevant only if it tends to make a consequential fact more or less probable. Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Even relevant evidence may be excluded when its probative value is substantially outweighed by dangers including unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time. Fed. R. Evid. 403.

An excessive-force claim is judged objectively from the perspective of a reasonable officer on the scene and in light of the facts and circumstances confronting that officer. Graham v. Connor, 490 U.S. 386, 396–97 (1989). When evidence has little or no probative value, even a modest likelihood of unfair prejudice or a small risk of misleading the jury supports exclusion. United States v. Hitt, 981 F.2d 422, 424 (9th Cir. 1992); see United States v. Gonzalez-Flores, 418 F.3d 1093, 1098–99 (9th Cir. 2005).

## IV. ARGUMENT

### A. Grant's Later Gestures Do Not Bear on the Reasonableness of Hoqoq's Force.

Grant did not use the force challenged against Ramirez. His later gesture did not affect the information available to Hoqoq, the circumstances Hoqoq confronted, or any decision Hoqoq made at the time of force. Under Graham, those are the pertinent considerations. 490 U.S. at 396–97.

Grant's unexplained conduct after the event therefore does not make it more or less likely that Hoqoq's force was objectively reasonable.

The result is the same even if, solely for purposes of this motion, the Court assumes that Grant heard Hoqoq's statement and responded to it. That assumption would show at most an unidentified reaction by a nonparty officer after the fact. It would not reveal what Grant understood, establish that his gesture conveyed approval, or illuminate what a reasonable officer in Hoqoq's position would have done. Plaintiffs may not bridge those gaps through counsel's characterization or a witness's speculation. The proposed use is irrelevant under Rules 401 and 402.

**B. Any Minimal Probative Value Is Substantially Outweighed by Rule 403 Dangers.**

The intended inference carries substantial emotional force despite its negligible evidentiary value. By labeling the gesture a response to Hoqoq's account, Plaintiffs could suggest that officers approved of, celebrated, or trivialized the use of force. That narrative risks provoking a verdict based on anger toward officers collectively rather than an assessment of the acts and circumstances at issue. It also risks misleading the jury into treating Grant's supposed attitude as evidence of Hoqoq's earlier reasonableness.

Permitting the inference would also create a collateral dispute over what Grant could hear, what else was occurring, whom he was looking at, the timing of the audio and image, and alternative explanations for the gesture. Hoqoq cannot resolve those questions; his testimony confirms that he does not know why Grant acted as he did. The resulting mini-trial would consume time while adding no reliable evidence about the challenged force. Where, as here, probative value is slight or nonexistent, even modest unfair-prejudice and jury-confusion risks warrant exclusion. Hitt, 981 F.2d at 424; Gonzalez-Flores, 418 F.3d at 1098–99.

**C. Precluding Comment Is the Narrow and Practical Remedy.**

The eight-second segment occurs within footage that the parties may otherwise have reason to show. Defendants therefore do not seek redaction, muting, or an interruption that could draw more attention to the moment. The Court can minimize prejudice without altering the exhibit by directing Plaintiffs, counsel, and witnesses not to characterize, question about, argue from, freeze, enlarge, slow, or selectively replay Grant's conduct unless Plaintiffs first obtain leave outside the

jury's presence. That order preserves the relevant recording while preventing an unsupported and inflammatory use of an incidental image.

## V. CONCLUSION

Defendants respectfully request an order permitting SJ1231 to be played continuously but precluding Plaintiffs, their counsel, and their witnesses—absent prior leave obtained outside the jury's presence—from commenting on, eliciting testimony about, arguing an inference from, or using playback techniques to call attention to Officer Grant's conduct at 43:52–44:00.

Dated: September 16, 2026

Respectfully submitted,
**SUSANA ALCALA WOOD**
City Attorney

By: /s/ Brian Eggleston
**BRIAN EGGLESTON**
Attorneys for Defendants
CITY OF SAN JOSE; RYAN REYNOLDS; WALID HOQOQ; AND KEVIN MCCLURE