Gustavo Magaña (SBN 305970)
The Law Office of Gustavo Magaña
4701 Patrick Henry Dr. Bldg 16 Suite 15F
Santa Clara, CA 95054
TEL.: (408) 430-0411
FAX: (800) 650-9326

Counsel for Plaintiffs:

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
San Jose Division

| | |
|---|---|
| Angelique Lopez *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>City of San José *et al.*,<br><br>Defendants.<br><br>. | CASE NO.: 5:24-cv-07926-NC<br><br>**Plaintiffs Motion In limine No. 1**<br>Dept: Courtroom 5-4th floor<br>Judge: Nathanael Cousins<br><br>Trial Date: October 13, 2026 |

Plaintiffs hereby submit the following motion in limine.

Plaintiff Angelique Lopez respectfully moves the Court in limine for an order to preclude any discussion or mention of any allegation that Plaintiff Lopez punched or attacked any officer prior to being handcuffed and detained by Defendant Reynolds. Plaintiff moves for exclusion based on FRCP 401, 402, and 403. Specifically, testimony about Ms. Lopez fighting or punching any officers prior to being handcuffed and detained by Defendant Reynolds will only serve to distract, confuse, and prejudice the jury.

Further, Defendant Reynolds explicitly testified in deposition that he had no knowledge regarding Ms. Lopez attacking for striking any officer prior to taking over her detention and prior to his use of force with her.

"Q. Had you personally seen her hit anybody before you detained her?
A. No.

Q. Before you detained her did you have any actual knowledge that she had hit anybody?
A. No." (Reynolds Tx, pg 11:10-15)

Further, the Ninth Circuit has emphasized that the prohibition against evaluating an officer's actions with "the 20/20 vision of hindsight" cuts both ways, Ruvalcaba v. City of L.A., 2014 U.S. Dist. LEXIS 126162, Morris v. Long, 2012 U.S. Dist. LEXIS 59413. Just as an officer's actions cannot be judged based on subsequent information, the government or defense cannot retroactively justify a use of force or arrest using after-the-acquired facts that were unknown to the acting officers Ruvalcaba v. City of L.A., 2014 U.S. Dist. LEXIS 126162, Moreno v. Baca, 431 F.3d 633, Morris v. Long, 2012 U.S. Dist. LEXIS 59413.

Therefore, Ms. Lopez respectfully requests that any reference to Ms. Lopez punching or attacking any officer prior to being detained by Defnedant Reynolds be excluded from trial. Plaintiff also requests that such exclusion apply to any such mention in bodycam footage, questions to experts, parties, and police reports/use of force review reports.

DATED: 9/15/26 LAW OFFICE OF GUSTAVO MAGAÑA

By: *Gustavo Magaña*
Gustavo Magaña